## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH M. MOSLEY, | ) | CASE NO. 5:21-cv-1579 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| AMBER GLASSFORD, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

Plaintiff Joseph Mosley ("Mosley"), an Ohio prisoner proceeding *pro se*, has filed an *in forma pauperis* civil rights complaint in this matter pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) He was convicted in the Wayne County Court of Common Pleas of rape, kidnapping, and robbery after a jury found he had assaulted two minor girls less than 13 years of age, kidnapped them, and purposely compelled them to submit by force to sexual acts. After he appealed on multiple grounds, an Ohio appellate court upheld his convictions and sentence. *State v. Mosley*, 2020-Ohio-5047, 2020 WL 6268233 (Ohio App. 9 Dist., 2020). In his complaint, Mosley purports to sue one of his minor victims and her mother under § 1983, contending he was wrongly convicted in the state criminal case because the victim's mother pressured her daughter to identify him as her attacker. (Doc. No. 1 at 3.) He asks for his sentences to "be vacated" and a new trial ordered without certain evidence. (*See id.* at 6.)

Although *pro se* pleadings are generally construed liberally and held to less stringent standards than formal pleadings drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007), the "lenient treatment generally accorded to *pro se* litigants

has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet

basic pleading requirements and courts are not required to conjure allegations or construct claims

on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001); *Beaudett v. City of*

*Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). Federal district courts are expressly required, under

28 U.S.C. § 1915(e)(2)(B), to screen all *in forma pauperis* complaints filed in federal court, and to

dismiss before service any such action that the court determines is frivolous or malicious, fails to

state a claim on which relief may be granted, or seeks monetary relief from a defendant who is

immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may

be granted, a complaint must set forth sufficient factual matter, accepted as true, to state claim to

relief that is plausible on its face. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that

the dismissal standard established in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed.

2d 868 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d

929 (2007) governs dismissals of *pro s*e complaints under 28 U.S.C. § 1915(e)(2)(B)).

Upon review, the Court finds that Mosley's complaint must be dismissed under §

1915(e)(2)(B). A civil rights action under § 1983 is not the appropriate mechanism for a person in

state custody to challenge the legality of conviction or sentence. "The proper vehicle to challenge

a conviction is through the state's appellate procedure and, if that fails, habeas relief under 28

U.S.C. 2254." *Jackim v. City of Brooklyn*, No. 1:05-cv-1678, 2010 WL 4923492, at *4 (N.D. Ohio

Nov. 29, 2010) (quotation marks and citation omitted). Where a state prisoner is challenging the

very fact or duration of his physical imprisonment and the relief he seeks is immediate or a speedier

release, his sole federal remedy is a petition for writ of *habeas corpus*. *Preiser v. Rodriguez*, 411

U.S. 475, 500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). Accordingly, Mosley's § 1983 civil rights

complaint fails to state a plausible claim to the extent he is seeking to have his criminal conviction or sentence vacated or set aside.

Mosley's complaint fails to state a plausible claim under § 1983 even to the extent he may purport to seek other relief. His contention that he was improperly identified as the victim's attacker essentially constitutes a collateral attack upon the validity of his Wayne County criminal convictions. The Supreme Court has held that claims challenging the validity of a state criminal conviction or sentence are not cognizable under § 1983 in the absence of a demonstration that the conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). Mosley does not contend or demonstrate that his Wayne County convictions have been reversed, overturned, or called into questioned in any of the ways articulated in *Heck*. Accordingly, his complaint fails to state a plausible claim under § 1983 for this reason as well. *See, e.g., Woods v. State of Ohio*, 8 F. App'x 506, 507 (6th Cir. 2001) (affirming *sua sponte* dismissal of prisoner complaint in which prisoner asserted "a direct attack on the methods used to convict him" by alleging that prosecutor, prosecution's expert witness, and the victim conspired to secure his conviction because he did not show that his conviction has been reversed, expunged, declared invalid, or otherwise called into question as stated in *Heck*); *Wheat v. Ohio*, 23 F. App'x 441, 443 (6th Cir. 2001) (affirming dismissal of § 1983 prisoner complaint where prisoner's claims were "essentially a collateral attack" upon state his criminal convictions for rape and gross sexual imposition, and he did not contend that his convictions had been reversed, overturned, or questioned by either an Ohio state court or federal habeas corpus).

3

## Conclusion

Based upon the foregoing, Mosley's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: January 6, 2022

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

4